IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELECOMM INNOVATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-1277-SLR |
| | ) |
| RICOH COMPANY, LTD., RICOH | ) |
| AMERICAS CORPORATION, LANIER | ) |
| WORLDWIDE, INC., AND SAVIN | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

Stamatios Stamoulis, Esquire, and Richard C. Weinblatt, Esquire, of Stamoulis & Weinblatt LLC, Wilmington, Delaware. Counsel for Plaintiff.

Karen Jacobs Louden, Esquire, and Michael J. Flynn, Esquire, of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, DE. Counsel for Defendants. Of Counsel: Paul Devinsky, Esquire, Robert Walters, Esquire, and Roozbeh Gorgin, Esquire of McDermott Will & Emery LLP.

**MEMORANDUM OPINION**

Dated: August 6, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On October 4, 2012, plaintiff Telecomm Innovations, LLC ("plaintiff") filed this patent infringement action against defendants Ricoh Company, Ltd. ("Ricoh"), Ricoh Americas Corporation ("Ricoh Americas"), Lanier Worldwide, Inc. ("Lanier"), and Savin Corporation ("Savin") (collectively "defendants"). (D.I. 1) Plaintiff alleges that certain technical support and services provided by defendants induce defendants' customers to infringe plaintiff's U.S. Patent No. 5,396,519 ("the '519 patent"). (Id. at ¶¶ 16-17) Pending before the court is defendants' motion to dismiss plaintiff's indirect infringement claims. (D.I. 24) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). For the reasons that follow, the motion to dismiss plaintiff's indirect infringement claims is denied.

## II. BACKGROUND

Plaintiff is a limited liability company formed and existing under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware. (D.I. 1 at ¶ 2) Defendant Ricoh is a corporation formed and existing under the laws of Japan with its principal executive offices in Chūō, Tokyo, Japan. (Id. at ¶ 3) Ricoh Americas is a corporation formed and existing under the laws of the State of Delaware with its principal executive offices in West Caldwell, New Jersey. (Id. at ¶ 4) Lanier is a corporation formed and existing under the laws of the State of Delaware with its principal executive offices in Newark, Delaware. (Id. at ¶ 5) Savin is a corporation

formed and existing under the laws of the State of Idaho with its principal executive offices in West Caldwell, New Jersey. (*Id.* at ¶ 6)

Plaintiff alleges in its complaint that "each of the [d]efendants has and continues to directly infringe" and that "[d]efendants' customers and others have infringed and are continuing to infringe" the '519 patent. (*Id.* at ¶¶ 3-6, 14, 17) Plaintiff also alleges that defendants provide "technical support and services, as well as detailed explanations, instructions and information as to arrangements, applications and uses," which induce defendants' customers to infringe the '519 patent through use of certain "[a]ccused [i]nstrumentalities." (*Id.* at ¶¶ 16-17) The "[a]ccused [i]nstrumentalities," which are incorporated by reference in the allegations of induced infringement, are defined in the complaint as "fax-capable products such as Fax 5510L, Aficio SP C231SF, Fax 1190L, LD520CSPF, 3770NF, 3515MF, and others." (*Id.* at ¶ 14) Plaintiff additionally claims that the defendants "specifically intended to induce infringement by its customers and others . . . knowing that such acts would cause infringement and/or were willfully blind to the possibility that their inducing acts would cause infringement." (*Id.* at ¶ 17)

## III. STANDARD OF REVIEW

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555; *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ.

P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting

3

*Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## IV. DISCUSSION

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To demonstrate inducement, the patentee must establish that there has been direct infringement and that the alleged infringer had "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, – U.S. –, 131 S.Ct. 2060, 2068 (2011). "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part).

This court has previously held that there is no requirement that a plaintiff's induced infringement claim be limited to presuit knowledge and facts. *See Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012) (finding "there is no legal impediment to having an indirect infringement cause of action limited to post-litigation conduct"). For a post-complaint claim of induced infringement to pass muster under Federal Rule of Civil Procedure 8, plaintiff need only identify the patent-at-issue, the allegedly infringing conduct, the notice afforded by service of the original complaint, and the apparent decision to continue the inducement post-service.[1] *Aeritas, LLC*, 893

---

[1] Form 18 does not apply to induced infringement claims, as "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement." *Aeritas, LLC v. Alaska Air Grp., Inc.*, 893 F. Supp. 2d 680, 683 (D. Del. 2012) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)).

F. Supp. 2d at 683-84 (citing *Walker Digital, LLC*, 852 F. Supp. 2d 559); *see also E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*, Civ. No. 11-773, 2012 WL 4511258, *6 (D. Del. Sept. 28, 2012). To the extent defendants argue that plaintiff failed to assert "presuit knowledge" of the '519 patent, plaintiff has explicitly limited itself to post-complaint inducement of infringement. (D.I. 17 at 4) Therefore, plaintiff's induced infringement claims are confined to a post-complaint analysis.

Defendants do not challenge the sufficiency of plaintiff's complaint as to direct infringement by either defendants or defendants' customers. (D.I. 14 at 1; D.I. 18 at 1) Rather, defendants argue that plaintiff has not pled with sufficient "factual detail" that there was at least one direct infringer and that defendants knew of and specifically intended to induce infringement. (D.I. 14 at 3, 6-7; D.I. 18 at 3-4) Critically, the test for pleading under *Twombly* is sufficient facts that allow the court to infer that a claim is plausible. *In re Bill of Lading*, 681 F.3d at 1340.

With respect to properly alleging that at least one direct infringer exists, plaintiff is not required to specifically identify the customers who are induced to infringe, as this is a "proper question for discovery." *Minkus Elec. Display Sys., Inc. v. Adaptive Micro Sys. LLC*, Civ. No. 10-666, 2011 WL 941197, *3 (D. Del. Mar. 16, 2011). Thus, plaintiff need only plead "facts sufficient to allow an inference that at least one direct infringer exists." *Aeritas, LLC*, 893 F. Supp. 2d at 683 (citing *In re Bill of Lading*, 681 F.3d at 1336). Since plaintiff has pled that "[d]efendants' customers and others have infringed and are continuing to infringe" the '519 patent, the requirement for pleading facts to allow an inference that at least one direct infringer exists has been met. (D.I. 1 at ¶ 17)

5

To adequately plead induced infringement, plaintiff must also allege that defendants had knowledge of the '519 patent. *Walker Digital*, 852 F. Supp. 2d at 563-64. Plaintiff alleges that defendants received notice of the '519 patent "at least as early as the filing of this complaint," which was October 4, 2012. (D.I. 1 at ¶ 15) Plaintiff does not allege that defendants had knowledge of the '519 patent before this date and argues in briefing for post-complaint relief only. (*Id.* at ¶¶ 15-17; D.I. 17 at 4) Under the standard promulgated by this court, "a plaintiff's filing (and a defendant's receipt) of the complaint **are** facts that establish such knowledge – at least as of the date of filing." See *E.I. Du Pont de Nemours*, 2012 WL 4511258 at \*5-6 & n.3 (citing several cases for support). Plaintiff, therefore, has sufficiently pled defendants' knowledge of the '519 patent for purposes of post-complaint relief.

Plaintiff must also plead facts sufficient to allow an inference that defendants "specifically intended [their] customers to infringe . . . and knew that the customer's acts constituted infringement." *Aeritas, LLC*, 893 F. Supp. 2d at 683 (citing *In re Bill of Lading*, 681 F.3d at 1339). Plaintiff's complaint must extend beyond the merely formulaic "makes, uses, offers to sell, or sells" language provided in 35 U.S.C. § 271 to sufficiently plead induced infringement. See *E.I. Du Pont de Nemours*, 2012 WL 4511258 at \*6 (citing *In re Bill of Lading*, 681 F.3d at 1339, 1346).

Defendants argue that plaintiff does not provide any facts to show that defendants had the specific intent to induce their customers to infringe. (D.I. 18 at 1-2) The court disagrees. Notably, both plaintiff and defendants brief at length this court's decision in *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470 (D. Del. 2012),

which held that Netgear sufficiently pled induced infringement because it had pled or otherwise plausibly inferred a direct infringer, Ruckus's knowledge of the '519 patent, and Ruckus's specific intent to induce infringement. *Id.* at 475-76. With respect to specific intent, Netgear alleged:

> Ruckus has knowingly induced infringement of the '035 patent with specific intent to do so by its activities relating to the marketing and distribution of its ZoneDirector, FlexMaster, and/or ZonePlanner products to manage the use of ZoneFlex products.

*Id.* Similarly, plaintiff at bar has alleged:

> 16. Each of the [d]efendants is, on information and belief, inducing infringement of one or more claims of the '519 patent by, without limitation, making, using, importing, selling and/or offering for sale the [a]ccused [i]nstrumentalities for use by customers and others and also providing those customers and others with technical support and services, as well as detailed explanations, instructions and information as to arrangements, applications and uses of the [a]ccused [i]nstrumentalities that promote and demonstrate how to use the [a]ccused [i]nstrumentalities in a manner that would infringe the '519 patent.
>
> 17. Defendants specifically intended to induce infringement by [their] customers and others by at least the acts set forth in paragraph 16, knowing such acts would cause infringement . . . Upon information and belief, [d]efendants' customers and others have infringed and are continuing to infringe the '519 patent.

(D.I. 1 at ¶¶ 16-17) Essentially, plaintiff at bar alleges that defendants provided technical support and instructions to their customers on how to use products in such a way as to infringe the patented invention. Like the pleading in *Netgear*, plaintiff's complaint alleges that defendants have the requisite intent by encouraging their customers to infringe the '519 patent – whether through marketing, or support and instructions. *See also In re Bill of Lading*, 681 F.3d at 1341-46 (holding that advertising directed toward customers to encourage the customers to utilize the patented invention

7

was sufficient to plead defendants' specific intent). Additionally, plaintiff alleges that "each of the defendants is . . . inducing infringement," suggesting that defendants are continuing to act in the aforementioned manner post-filing of plaintiff's complaint. (D.I. 1 at ¶¶ 16-17)

In contrast, the claim of induced infringement at issue in *E.I. Du Pont* was insufficient because of a dearth of factual allegations regarding defendants' specific intent. *E.I. Du Pont de Nemours*, 2012 WL 4511258 at *6. In that case, the plaintiff merely pled that defendants "specifically intended that others will use the unauthorized products" in a manner that infringes. *Id.* at *7. Notably, the plaintiff did not plead any acts by the defendants beyond the formulaic recitation provided in 35 U.S.C. § 271 for showing culpable conduct. The complaint at bar contains factual allegations, not mere legal elements, showing an intent to induce infringement and those allegations are similar to the pleadings that passed muster in *Netgear* and *In re Bill of Lading*. Thus, the court finds that plaintiff has sufficiently pled defendants' knowledge of, and specific intent to, induce patent infringement.

Accordingly, given the factual allegations regarding customers' direct infringement, defendants' knowledge of the '519 patent, and defendants' specific intent to induce infringement, all of which were "at least as early as the filing of this [c]omplaint" (D.I. 1 at ¶¶ 15-17), plaintiff has sufficiently alleged that defendants induced direct infringement after the filing of the instant suit.

## V. CONCLUSION

8

For the foregoing reasons, defendants' motion to dismiss the indirect infringement claims is denied. An appropriate order shall issue.